DISTRICT OF OREGON
**F I L E D**
**March 01, 2023**
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

THE DISTRICT OF OREGON

| | |
|---|---|
| In re **Natache D. Rinegard-Guirma**, Debtor. | Case No. 22-31651-dwh7 |
| **Natache D. Rinegard-Guirma**, Plaintiff, v. **PHH Mortgage Corporation**, Defendant. | Adversary Proceeding No. 22-03057-dwh  MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS[1] |

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

## I. Introduction

Defendant, PHH Mortgage Corporation, has filed a motion to dismiss.[2] Plaintiff, Natache D. Rinegard-Guirma, who is self-represented, filed an objection to that motion[3] and a separate "Declaration of Standing."[4] Consistent with how she refers to herself in writing and her request at the February 21, 2023, hearing, I will refer to her as Guirma.

At that hearing, I heard argument on the motion and announced my decision to grant it with prejudice. This memorandum decision supersedes the oral decision.

For the reasons that follow, I adhere to my decision to grant the motion, but I will do so with leave to file a further amended complaint within 14 days.

## II. Background

In Guirma's amended complaint,[5] she refers to having received a chapter 7 discharge in 2013,[6] and she complains of inclusion in a September 16, 2013, Multnomah County Circuit Court foreclosure judgment against her of a "money award" section as violating 11 U.S.C. § 524(a)(1) and (2).[7] The judgment foreclosed a trust deed against property that she refers to as a house.[8] Section 524(a)(1) renders void a judgment, whenever

---

[2] ECF No. 7.
[3] ECF No. 12.
[4] ECF No. 29.
[5] ECF No. 6.
[6] ECF No. 6 at 7 ¶ 2.
[7] ECF No. 6 at 2 ¶ I.
[8] ECF No. 6 at 4 ¶ 1.d.

obtained, to the extent it determines the debtor's personal liability on a discharged debt. Section 524(a)(2) enjoins a creditor from taking any action to collect a discharged debt as a personal liability of the debtor.

Guirma also makes other claims that the judgment was inconsistent with state law.

As remedies, Guirma seeks an injunction to prevent PHH from attempting to enforce the judgment "by the issuance of writs of assistance or by any other method."[9] She also seeks money damages for violation of the discharge.[10]

### III. Motion to dismiss

In the motion, PHH states three bases for dismissal: (1) the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the complaint fails to state a claim for relief; and (3) the complaint was not filed by the real party in interest.

#### A. *Jurisdiction*

I will begin with the *Rooker-Feldman* jurisdictional basis for dismissal; if the court lacks jurisdiction, it would be improper to consider the other arguments.

The *Rooker-Feldman* doctrine takes its name from two Supreme Court decisions: its 1923 decision in *Rooker v. Fidelity Trust Company*[11] and its 1983 decision in *District of Columbia Court of Appeals v. Feldman*.[12] *Rooker–*

---

[9] ECF No. 6 at 8 ¶ 4.
[10] ECF No. 6 at 8 ¶ 6.
[11] 263 U.S. 413 (1923),
[12] 460 U.S. 462 (1983).

*Feldman* is not a constitutional doctrine, but arises out of negative inferences drawn from two statutes: 28 U.S.C. § 1331, which establishes the district court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1257, which allows Supreme Court review of "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." Under *Rooker-Feldman*, "district courts are courts of original, not appellate, jurisdiction," and they "have 'no authority to review the final determinations of a state court in judicial proceedings.'"[13]

In the Ninth Circuit Bankruptcy Appellate Panel's 1999 decision in *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*,[14] the BAP held that the bankruptcy court erred in declining to entertain the debtors' motion for contempt against a creditor who, after discharge, had obtained a state-court judgment on a discharged debt. According to the BAP, "[t]he bankruptcy court, of necessity, must be able to ascertain the extent to which the judgment is void under § 524(a)(1) as an essential element of determining whether the § 524(a)(2) discharge injunction has been violated," and "[t]he *Rooker-Feldman* doctrine does not compel a contrary result."[15]

---

[13] Gruntz v. County of Los Angeles (*In re* Gruntz), 202 F.3d 1074, 1078 (2000), quoting Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).
[14] 229 B.R. 777 (9th Cir. B.A.P. 1999).
[15] *Pavelich*, 229 B.R. at 782.

Page 4 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

In the Ninth Circuit's 2002 decision in *McGhan v. Rutz (In re McGhan)*,[16] the court quoted with approval *Pavelich*'s statement that "Congress has plenary authority over bankruptcy in a manner that entitles it to preclude state courts from doing anything in derogation of the discharge"[17] and its holding that "the bankruptcy court should not have taken the position that it could not examine the state court judgment" on a discharged claim. The *McGhan* court held that a state court lacked authority to adjudicate the adequacy of notice to a creditor in a bankruptcy case and that the bankruptcy court was required to "protect its exclusive jurisdiction over the enforcement of its own orders."[18]

This action therefore is within this court's jurisdiction—but only to the extent that it's based on 524. All of Guirma's arguments that the judgment was improper under state law are barred by *Rooker-Feldman*.

### B. Failure to state a claim

I'll next turn to PHH's argument that the complaint fails to state a claim on which relief can be granted.

Because Guirma attached to her complaint a copy of the judgment she challenges, I will assume that the copy is authentic.

---

[16] 288 F.3d 1172 (9th Cir. 2002).
[17] *Pavelich*, 229 B.R. at 782, quoted in *McGhan*, 288 F.3d at 1179–80.
[18] *McGhan*, 288 F.3d at 1182.

Page 5 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

All of Guirma's attempts to challenge the correctness of the judgment under state law are barred by *Rooker-Feldman*, so I will focus only on whether the judgment is void under 524(a). It is not.

As I noted above, 524(a)(1) renders a judgment void only to the extent it determines the debtor's personal liability on a discharged debt, and 524(a)(2) enjoins a creditor from taking any action to collect a discharged debt only as a personal liability of the debtor. By using the phrase "determination of the personal liability of the debtor" in 524(a), Congress must have meant to refer to steps that would permit a creditor to collect a debt other than from collateral. That's because it's generally understood that the discharge injunction does not prevent enforcement of an unavoided prepetition security interest or lien by resort only to the collateral.

Guirma argues that the judgment is a determination of her personal liability because it contains a section entitled "Money Award" that recites the amount owed on the debt secured by the foreclosed trust deed. In response, PHH argues that "the language in the General Judgment of Foreclosure as a whole makes clear that the relief sought is 'in rem' relief only and that money cannot be sought directly against Debtor."[19] PHH also points to judgment paragraph 6, which provides that the amounts secured by the trust deed "are to be paid through the sale of the subject property, and that '[i]n the event the proceeds of sale are insufficient to pay the Amount Due Plaintiff, Plaintiff

---

[19] ECF No. 7 at 7–8.

Page 6 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

shall not be entitled to any further or other judgment, including a judgment for the deficiency.'"[20]

Under Oregon Revised Statutes § 18.005(14), a judgment "money award" is the "portion of a judgment that requires the payment of money." If a civil judgment includes a money award, it must also "contain a separate section clearly labeled as a money award,"[21] which must contain several items of information about the judgment, including the name of the judgment debtor.[22] Failing to include a money-award section means that the judgment does not create a judgment lien on real property of the judgment debtor,[23] but the failure does not invalidate a judgment's money award.[24] In other words, the money-award section is required if the judgment includes a money award in order to create a judgment lien on other real property. But the money-award section does not, by itself, constitute the money award, which exists only if the judgment requires the payment of money.

That reading of 18.005(14) is not inconsistent with the Oregon Supreme Court's 2010 decision in *State ex rel. English v. Multnomah County*.[25] There, the court held that, by including a money-award section in a judgment, "it appears that the trial court intended for the judgment to require the payment

---

[20] ECF No. 7 at 8.
[21] Or. Rev. Stat. § 18.042(1).
[22] Or. Rev. Stat. § 18.042(2).
[23] Or. Rev. Stat. § 18.042(1).
[24] *Haugen v. Hurtley (Marriage of Hurtley)*, 292 Or. App. 510, 515 (2018).
[25] 348 Or. 417 (2010).

Page 7 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

of money."[26] But at issue there was the meaning of a judgment provision awarding a condemnee property owner judgment against a condemnor county "for just compensation pursuant to the provisions of ORS 197.352 in the sum of $1,150,000."[27] The court rejected the condemnor's argument that the judgment gave the condemnor discretion to choose either to pay money or waive certain land-use regulations; the court instead found the payment obligation to be unconditional. In other words, the court found that judgment language other than the separate money-award section imposed a payment obligation and thus constituted a money award. Thus, *English* permits the existence of a money-award section to be considered in determining whether other judgment language requires the payment of money, but *English* doesn't hold that a money-award section by itself constitutes a money award.

The Oregon statutes governing judicial foreclosures are in Oregon Revised Statutes chapter 88, and the manner of foreclosure is governed primarily by section 88.010. After an amendment to *former* 88.010(1) that took effect on August 4, 2013,[28] which preceded entry of the judgment in the underlying action here, a lien on real property, other than that of a judgment, had to "be foreclosed, and the property adjudged to be sold to satisfy the debt the lien secures, by bringing suit." That section also provided that, "if the lien debtor or any other person . . . has given a promissory note or other personal

---

[26] *English*, 348 Or. at 436.
[27] *English*, 348 Or. at 427.
[28] 2013 Or. Laws, ch. 304, §§ 12, 16(1).

Page 8 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

obligation for the payment of the debt, . . . the court also shall enter a judgment for the amount of the debt against the lien debtor or other person." In other words, unless someone was personally liable for the lien debt, such that judgment for the debt should be entered against that person, the foreclosure would proceed only in rem by requiring that the property be sold to satisfy the secured debt in an amount determined by the circuit court.

Here, consistent with the first sentence of *former* 88.010(1), the circuit court was required to, and did, determine the amount of the debt the trust deed secured by quantifying the dollar "Amount Due Plaintiff" in paragraph 8 and prescribing in paragraph 6 that the foreclosure sale proceeds be applied, after paying the costs of sale, to the Amount Due Plaintiff. Paragraph 8 and the money-award section that follows are the only parts of the judgment containing any dollar amounts. Guirma is not mentioned by name in paragraph 8, and nowhere in the judgment does it obligate her to pay the Amount Due Plaintiff. The money-award section identifies her as "borrower," not as "judgment debtor," as would be required by 18.042(2)(b) if a money award had been entered against her.

Because the judgment does not require that Guirma pay money, it does not contain or constitute a money award against her, and it could not have been enforced by other judgment remedies, including garnishment[29] or

---

[29] Or. Rev. Stat. § 18.605(1)(a).

execution on noncollateral property.[30] Entry of the judgment thus did not determine the amount of the secured debt as Guirma's personal liability.

As PHH points out, judgment paragraph 6 concludes with the statement that, "[i] the event the proceeds of sale are insufficient to pay the Amount Due Plaintiff, Plaintiff shall not be entitled to any further or other judgment, including a judgment for the deficiency."[31] That provision prevents enforcement of any postsale deficiency as a personal liability of Guirma. It was also unnecessary; only if the judgment had contained a money award could any postsale deficiency be enforced against noncollateral property of Guirma.

I agree with PHH that the judgment does not impose any personal liability on Guirma. I conclude that the judgment is not void under 524(a)(1). Although she also refers in her complaint to 524(a)(2), she does not allege any attempt to collect the judgment debt other than by enforcement of the judgment by foreclosure against the encumbered property. Because the judgment was not a determination of her personal liability, enforcement of it could not violate 524(a)(2).

### C. *Real party in interest*

Finally, I move to PHH's third argument: that Guirma is not the proper party in interest.

---

[30] Or. Rev. Stat. § 18.860(1)(a), (b).
[31] *See* ECF No. 4 at PDF p. 29.

Page 10 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

PHH does not articulate the party-in-interest question as one of subject-matter jurisdiction, although it occasionally uses the word "standing" to describe the problem. I agree with PHH that the party-in-interest question isn't one of jurisdiction. It's also not whether Guirma has satisfied the standing test by alleging a concrete injury in fact, traceable to PHH, that can be redressed by a favorable judgment; she satisfies that test by alleging that PHH has tried and continues to try to remove her from the house that she considers her own, and she seeks an injunction to prevent future attempts.

The party-in-interest question instead is whether the right that Guirma seeks to enforce really belongs to her. PHH argues that it belongs not to her but to Kenneth Eiler, the chapter 7 trustee. If this is correct, then her claim fails on the merits, but it doesn't affect jurisdiction.

So, I will try to avoid confusion by not using the jurisdictional terminology of standing; I will instead examine whether Guirma has a cognizable interest in the injunction that she requests. I conclude that she does, at least for the time being.

PHH argues that Guirma's claims are property of the bankruptcy estate. But, because her primary claim is for prospective equitable relief (an injunction), asking to whom the claim belongs is not the most useful way of approaching the party-in-interest question. The important question is whether the *interest* that her requested injunction is intended to protect is an interest that belongs to her. In her schedules, Guirma claimed an interest in

the real property that is the subject of this action, a house. Assuming that she in fact had such an interest, it became estate property.[32] Guirma has not claimed an exemption in the property, so as things now stand, the property belongs entirely to the estate.

But Guirma has also filed a motion to compel abandonment of the house.[33] Although Eiler has opposed the motion, her pursuit of abandonment makes it premature to find that she lacks an interest in the property that could be protected by an injunction.

On the other hand, I agree that Guirma is not the proper party in interest with respect to her claim for damages, because any right to damages based on the acts described in the complaint necessarily accrued before the petition date and is therefore property of the estate.

I therefore will not dismiss the action on party-in-interest grounds, but I do conclude that Guirma is not entitled to pursue a claim for damages based on the facts narrated in her complaint, because any damages would belong to the bankruptcy estate.

## IV. Conclusion

For the reasons stated above, I conclude—

- First, this court has jurisdiction over the complaint to the extent it seeks a determination that entry of the judgment or any act to enforce it violated and would violate 524 but not to the extent that it challenges the correctness of the judgment under state law;

---

[32] *See* 11 U.S.C. § 541(a).
[33] No. 22-31651 ECF No. 49.

Page 12 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

- Second, the complaint fails to state a claim for relief;

- Third, it is premature to consider whether Guirma will acquire by abandonment the claim for injunctive relief now held by the bankruptcy estate; and

- Fourth, the claim for damages must be dismissed because any right to damages belongs to the estate.

For those reasons, I will grant PHH's motion to dismiss.

At the February 21 hearing, after I announced my decision to grant the motion to dismiss, Guirma orally requested leave to further amend her complaint. I denied that request and said that I would dismiss this action with prejudice.

On reflection, I have determined to allow Guirma leave to file within 14 days a motion for leave to further amend her complaint. Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely granted "when justice so requires." The Ninth Circuit has held that trial courts must remain guided by "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities."[34] The court has also held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment,'"[35] and "[w]ithout the benefit of a

---

[34] Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
[35] *Noll*, 809 F.2d at 1448, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Page 13 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.

statement of deficiencies, the pro se litigant will likely repeat previous errors."[36]

Although Guirma did not identify at the hearing how she would amend the complaint to survive a further motion to dismiss, as a self-represented litigant she is entitled to consider possible further amendment with the benefit of this statement of deficiencies.

If Guirma files within 14 days a motion for leave to further amend her complaint, attaching to it a proposed second-amended complaint, I will set an initial hearing on the motion to consider whether to require PHH to respond to it; PHH need not do so unless and until I order a response. If Guirma does not timely file such a motion, I will enter judgment for PHH.

### 

cc: Natache D. Rinegard-Guirma

---

[36] *Noll*, 809 F.2d at 1448.

Page 14 – MEMORANDUM DECISION GRANTING DEFENDANT'S etc.